UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRI A. BRENNAN**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**RITE AID CORP.**,<br><br>Defendant. | Civil Action No.: 08-02970-JF<br>(Hon. John P. Fullam) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT RITE AID CORP.'S MOTION TO STAY DISCOVERY**


**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Douglas M. Risen
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000

**BRODSKY & SMITH, LLC**
Evan J. Smith
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Tel: (610) 667-6200

**Attorneys for Plaintiff**

**TABLE OF CONTENTS**

A. Introduction ........ 1

B. Background and Procedural History ........ 1

C. Argument ........ 2

D. Conclusion ........ 5

# TABLE OF AUTHORITIES

## CASES

*Arden Way Assocs. v. Boesky*,
660 F. Supp. 1494 (S.D.N.Y. 1987) .......... 4

*Clinton v. Jones*,
520 U.S. 681 (1997) .......... 3

*Coca-Cola Bottling Co. of Lehigh Valley v. Grol*,
1993 U.S. Dist. LEXIS 3734 (E.D. Pa. 1993) .......... 3

*Connecticut ex rel. Blumenthal v. BPS Petroleum Distributors, Inc.*,
1991-1 Trade Cas. (CCH) ¶ 69,496, 1991 WL 177657
(D. Conn., July 16, 1991) .......... 4

*Digital Equipment Corp. v. Currie Enterprises*,
142 F.R.D. 8 (D. Mass. 1991) .......... 4

*Gold v. Johns-Manville Sales Corp.*,
723 F.2d 1068 (3d Cir. 1983) .......... 3

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*,
87 F.R.D. 53 (E.D. Pa. 1980) .......... 4

*Landis v. North American Co.*,
299 U.S. 248 (1936) .......... 3

*Local 478 Trucking and Allied Indus. Pension Fund v. Jayne*,
778 F. Supp. 1289 (D. N.J. 1991) .......... 3

*Muller v. M.D. Sass Assocs., Inc.*,
1992 WL 80938 (D.N.J., Apr. 22, 1992) .......... 3

*Securities & Exchange Commission v. Incendy*,
936 F. Supp. 952 (S.D. Fla. 1996) .......... 4

*Shirsat v. Mutual Pharmaceutical Co.*,
1995 WL 695109 (E.D. Pa., Nov. 21, 1995) .......... 3

*United States v. Breyer*,
41 F.3d 884 (3d Cir. 1994) .......... 3

**A. Introduction**

Plaintiff, Terri A. Brennan ("Plaintiff"), by and through her undersigned counsel, respectfully submits this memorandum of law in opposition to defendant Rite Aid Corp.'s ("Rite Aid") Motion to Stay Discovery Until the Pending Motion to Dismiss the Amended Class Action Complaint is Decided.

**B. Background and Procedural History**

This class action was brought against Rite Aid primarily to enjoin Rite Aid from selling expired products to consumers. More specifically, this action arises from the defendant's sale of potentially dangerous expired products, including over the counter ("OTC") medicines. Many of the expired products at issue were sold over a year past their expiration dates. As a result of defendant's wrongful actions, customers purchased products which were ineffective or had diminished efficacy and/or were potentially unsafe.

This case commenced with the filing of a class action complaint in the United States District Court, Eastern District of Pennsylvania, on June 25, 2008. In response thereto, on September 4, 2008, the defendant filed a motion to dismiss the class action complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Unable to dispute that it sold dangerous/less effective "OTC" medicines to the plaintiff or other members of the class, defendant simply argued that the complaint failed to adequately allege a claim for breach of either an implied contract or an implied warranty.

On September 18, 2008, Plaintiff filed an amended class action complaint to expressly address the defendant's concern and make clear that Plaintiff did not intend to purchase dangerous/less effective "OTC" medicines ("Amended Complaint" or "Am. Compl"). Thereafter, Rite Aid failed to muster any new or additional arguments to the well pled Amended Complaint, yet filed a motion to dismiss the Amended Complaint on October 2, 2008. Consequently, on October

23, 2008 plaintiff filed a response in opposition to the second motion to dismiss, and on October 31, 2008 defendant filed its reply. As such, the motion is fully briefed and awaiting decision by this Court.

Plaintiff filed a motion for class certification pursuant to Fed. R. Civ. P. 23 on November 25, 2008. On December 4, 2008 Rite Aid requested an open-ended extension of time to respond to the class certification motion, until the pending motion to dismiss was decided. The Court granted Rite Aid's motion that same day without affording plaintiff an opportunity to respond. On December 19, 2008 – nearly six months after this action was first commenced – plaintiff served discovery requests on Rite Aid. Thereafter, on December 29, 2008, Rite Aid filed the instant motion requesting that discovery be stayed.

**C. <u>Argument</u>**

Rite Aid's two page motion seeking an indefinite stay of discovery is wholly devoid of authority. Despite the dictates of Local Civil Rule 7.1(c) that "[e]very motion not certified as uncontested . . . shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion" *id.*, Rite Aid has failed to provide such a brief. It asserts no legal principles justifying a stay of discovery and it relies on no authorities whatsoever. The only reasoning asserted by defendant is that Rite Aid's motion to dismiss "if granted, would make this discovery unnecessary." (Def. Br. at p. 2). Nevertheless, Rite Aid has cited no authority for the proposition and has demonstrated no burden or prejudice in responding to the discovery requests in compliance with the Federal Rules of Civil Procedure. It cannot even muster an argument in support of a stay of discovery beyond suggesting that such discovery may prove unnecessary. As an initial matter, that hypothetical is extremely unlikely, as plaintiff has pled valid claims for breach of implied contract and breach of the implied warranty of merchantability.

*See* Plaintiff's Response in Opposition to Rite Aid's Motion to Dismiss, dated October 23, 2008, incorporated herein by reference. More fundamentally, the suggestion that discovery may prove unnecessary because a litigant boldly predicts it will prevail on a motion to dismiss is simply not the standard for imposing a stay.

"The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997). Prior to Clinton, the Supreme Court reaffirmed what was already a long-standing rule against staying civil actions in Landis v. North American Co., 299 U.S. 248 (1936):

> [T]he suppliant for a stay must make out a **clear case of hardship or inequity** in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.

Id. at 255 (emphasis added).

Third Circuit courts have repeatedly applied the rule of Landis. See United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994) ("[A] stay is an extraordinary measure . . ."); Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983) (quoting Landis); Muller v. M.D. Sass Assocs., Inc., 1992 WL 80938, at *3 (D.N.J., Apr. 22, 1992) (same).

"Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Coca-Cola Bottling Co. of Lehigh Valley v. Grol, 1993 U.S. Dist. LEXIS 3734, at *6, *7 (E.D. Pa. 1993).

Moreover, courts generally weigh plaintiffs' interests more heavily than defendants' in addressing the issue. See, e.g., Local 478 Trucking and Allied Indus. Pension Fund v. Jayne, 778 F. Supp. 1289, 1324 (D. N.J. 1991) ("[A] court will consider whether plaintiffs will be prejudiced . . . by the stay."). As the court held in Shirsat v. Mutual Pharmaceutical Co., 1995 WL 695109 (E.D. Pa., Nov. 21, 1995), "[a] plaintiff enjoys the right to vindicate his claim expeditiously." Id.

at *2 (citing Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980)). The court in Digital Equipment Corp. v. Currie Enterprises, 142 F.R.D. 8 (D. Mass. 1991), likewise held that a "plaintiff is entitled to a speedy discovery process. This is particularly true in the context of complex litigation, which must proceed in an efficient manner." Id. at 12 (citing Arden Way Assocs. v. Boesky, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987)).

The Supreme Court detailed some of the factors underlying the rule in Clinton, i.e., "the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." Id. at 707-08. See also Securities & Exchange Commission v. Incendy, 936 F. Supp. 952, 956 (S.D. Fla. 1996); Connecticut ex rel. Blumenthal v. BPS Petroleum Distributors, Inc., 1991-1 Trade Cas. (CCH) ¶ 69,496, 1991 WL 177657, at *2 (D. Conn., July 16, 1991); Digital Equipment, 142 F.R.D. at 12.

Rite Aid's simplistic argument that discovery may prove unnecessary if the Court dismisses the case does not nearly meet the burden imposed upon it. It cannot claim a clear case of hardship or inequity.[1] Finally, defendant has not addressed the implications of its request in any detail, and has ignored the ample prejudice to the putative class that would result from an immediate stay. Indeed, the harm to the putative class is ongoing and Rite Aid's delay tactics leave potentially harmful expired medications on store shelves. Its motion should therefore be denied.

---

1 At an absolute minimum, Rite Aid should immediately provide any documents already produced to the New York Attorney General's office, as there is no conceivable argument to be made regarding the burden of making an additional set of those responsive documents. Additionally, this Court should be aware that Rite Aid has now settled with the New York Attorney General. That settlement appears to provide relief to a small subset of the putative class here – namely those class members who shop at Rite Aid's New York locations. See Press Release of Andrew Cuomo dated December 4, 2008, attached hereto as Exhibit A.

**D. Conclusion**

For all the foregoing reasons, plaintiff respectfully requests that this Court deny Rite Aid's Motion to Stay Discovery.

Dated: January 12, 2009

Respectfully submitted,

**BERGER & MONTAGUE, P.C.**

s/ Douglas M. Risen
Sherrie R. Savett
Douglas M. Risen
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000

**BRODSKY & SMITH, LLC**
Evan J. Smith
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Tel: (610) 667-6200

**Attorneys for Plaintiff**

malta454879-001.wpd

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TERRI A. BRENNAN**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**RITE AID CORP.**,<br><br>Defendant. | Civil Action No.: 08-02970-JF<br>(Hon. John P. Fullam) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2009, I caused to be served, via ECF Notification, a copy of **Plaintiff's Memorandum of Law in Opposition to Defendant Rite Aid Corp.'s Motion to Stay Discovery**, upon the following:

Eric W. Sitarchuk, Esquire
**Morgan Lewis & Bockius LLP**
1701 Market Street
Philadelphia, PA 19103-2921
215-963-5840
215-963-5001 (Fax)
Email: esitarchuk@morganlewis.com

Melissa Furrer Miller
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave NW
Washington, DC 20004
202-739-3705

Thomas A. Schmutz
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave NW
Washington, DC 20004
202-739-5484

William Bradley Nes
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave NW
Washington, DC 20004
202-739-5779

Dated: January 12, 2009

s/ Douglas M. Risen, Esq.

malta454878-002.wpd