```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TERRI A. BRENNAN, on Behalf     :    CIVIL ACTION
of Herself and All Others       :
Similarly Situated              :
                                :
         v.                     :
                                :
RITE AID CORP.                  :    NO. 08-cv-02970-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                        February 26, 2009

      Plaintiff, Terri A. Brennan, purchased an over-the-counter drug (a nasal decongestant) at a Rite Aid drugstore in Trevose, Pennsylvania. After she returned to her home, she discovered that the expiration date of the product had expired several months before the sale. She has brought this putative class action on behalf of all persons in the United States who have purchased "expired" products from the defendant. She seeks (1) injunctive relief, requiring the defendant to make refunds in each such case; and (2) damages, for each member of the proposed class who can establish damages. The defendant has filed a motion to dismiss "Plaintiff's Amended Class Action Complaint," for failure to state a viable cause of action under Fed. R. Civ. P. 12(b)(6).

      The only claims asserted in Plaintiff's Amended Class Action Complaint are for "breach of implied contract" (Count I), and "breach of implied warranty of merchantability" (Count II). As the defendant correctly argues, the averments of plaintiff's

pleading do not support a recovery under either of the pleaded theories.

It is undisputed that the package of nasal decongestant purchased by plaintiff set forth the expiration date of the product. Thus, the express contract between the parties was for the sale of a product which had already expired. Plaintiff does not allege that the defendant did anything to prevent her from examining the package.

Assuming, as probably was the case, that the employees of the defendant who were involved in the sale were, like plaintiff herself, unaware of the problem, it can be said that the contract was voidable because of a mutual mistake of fact (I express no view as to whether any such mutual mistake would have been reasonable), but plaintiff does not allege that she sought to rescind the transaction, or to obtain any relief from the defendant, before filing this lawsuit.

Throughout her filings in this case, plaintiff repeatedly refers to press-releases and newspaper accounts of the activities of the Attorney General of the State of New York, who, shortly before plaintiff's alleged purchase, publicly charged two drugstore chains, including the defendant, with improperly and repeatedly selling "expired" products in their various establishments. It appears, however, that a New York statute prohibits the sale of any over-the-counter drug after its

expiration date, and authorizes the Attorney General to enforce the statute through litigation. N.Y. Gen. Bus. Law § 820 (McKinney). Plaintiff does not refer to any similar statute in Pennsylvania, or any other statutory basis for her claims.

In short, so far as this Court has been made aware by the parties, it is perfectly legal for drugstores to sell, and purchasers to buy, over-the-counter drugs past their expiration dates, if they wish to do so.

While the present state of plaintiff's pleadings does not suffice to avoid dismissal under Fed. R. Civ. P. 12(b)(6), I do not rule out the possibility that plaintiff may be able to state a valid cause of action, after further effort. Thus, plaintiff will be afforded an opportunity to amend her complaint further, if the facts warrant.

Finally, it should be noted, that, so far as I can determine, this Court would lack subject-matter jurisdiction over this controversy unless plaintiff can satisfy the requirements of the Class Action Fairness Act. This would require a sufficient number of similarly-situated class members with similar claims. Plaintiff makes repeated reference to purchases, not only of over-the-counter drugs, but all sorts of other products, including milk, other food products, etc. Counsel may wish to consider whether all such products can be considered similarly unsuitable for post-expiration sales. (Who determines the

appropriate expiration date?  Are the consequences of the passage of time similarly undesirable in all products?  Etc., etc.)  In short, counsel may wish to address the propriety of class certification at an early stage.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRI A. BRENNAN, on Behalf of Herself and All Others Similarly Situated | : : : : | CIVIL ACTION |
| v. | : : | |
| RITE AID CORP. | : | NO. 08-cv-02970-JF |

ORDER

AND NOW, this 26th day of February 2009, upon consideration of defendant's motion to dismiss Plaintiff's Amended Class Complaint, IT IS ORDERED:

1. The motion to dismiss is GRANTED. Plaintiff's Amended Class Action Complaint is DISMISSED, without prejudice to plaintiff's right to file an amended complaint, if appropriate, within 60 days.

2. Defendant's motion for stay of discovery is DISMISSED as moot. To the extent that defendant seeks a further stay of discovery, the motion is DENIED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.