**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| Terri A. Brennan, on behalf of herself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 08-02970-JF |
| v. | : | (Hon. John P. Fullam) |
| | : | |
| Rite Aid Corp., | : | |
| | : | |
| Defendant. | : | |

_____:


**DEFENDANT RITE AID CORP.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED**
<u>**CLASS ACTION COMPLAINT AND TO STRIKE THE CLASS ALLEGATIONS**</u>


**MORGAN, LEWIS & BOCKIUS LLP**


**Eric W. Sitarchuk (Pa. Bar No. 39082)**
**1701 Market Street**
**Philadelphia, PA 19103**
**215-963-5000**
**215-963-5001 (facsimile)**
**esitarchuk@morganlewis.com**


Admitted *pro hac vice*:
Thomas A. Schmutz
W. Brad Nes
1111 Pennsylvania Avenue, N.W.
Washington D.C. 20004
202.739.3000
202.739.3001 Facsimile

Attorneys for Defendant Rite Aid Corp.

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................... 1

II.   FACTUAL BACKGROUND ........................................................................... 5

III.  ARGUMENT .................................................................................................. 6

    A.    THIS COURT SHOULD DISMISS THE SECOND AMENDED
          COMPLAINT FOR FAILURE TO STATE A CLAIM ....................................... 6

        1.    Brennan's Implied Contract Claim Must Be Dismissed ............................ 7

        2.    Brennan's Breach of Contract Claim Must Be Dismissed ......................... 8

        3.    Brennan's Breach of Implied Warranty of Merchantability Claim
            Must Be Dismissed. ................................................................................. 10

        4.    Brennan's Pennsylvania Unfair Trade Practices and Consumer
            Protection Law Claim Must Be Dismissed. ............................................... 12

            a.    Brennan Fails To Sufficiently Allege Justifiable Reliance. ......... 12

            b.    Brennan Fails To Allege Sufficient Facts to Show that Rite
                  Aid Intentionally Misled Her or Recklessly Disregarded the
                  Truth. ....................................................................................... 13

            c.    Brennan Fails To Allege Rite Aid Misrepresented A
                  Material Fact. ........................................................................... 14

            d.    Brennan Cannot Establish Damages. ......................................... 14

        5.    Brennan's Claims under the Remaining Consumer Protection
            Statutes Must Be Dismissed ..................................................................... 15

    B.    THIS COURT SHOULD STRIKE THE CLASS ALLEGATIONS ..................... 15

        1.    Brennan's Class Definition Is Not Sufficiently Identifiable and
            Requires An Extensive Factual Inquiry. .................................................. 16

        2.    Brennan Cannot Satisfy the Requirements of Rule 23(a). ....................... 18

            a.    Brennan Fails to Satisfy the Commonality Requirement. ........... 18

            b.    Brennan Fails to Satisfy the Typicality Requirement. ................. 20

            c.    Brennan Fails to Satisfy the Adequacy of Representation
                  Requirement. ............................................................................ 21

        3.    Brennan Cannot Satisfy the Requirements of Rule 23(b)(2). .................. 22

        4.    Brennan Cannot Satisfy the Requirements of Rule 23(b)(3). .................. 25

            a.    Brennan Fails to Demonstrate That Common Issues of
                  Fact and Law Predominate ........................................................ 25

            b.    Brennan Fails to Demonstrate That a Class Action Is
                  Superior Because An Alternative Remedy Is Already
                  Available. ................................................................................. 27

# TABLE OF CONTENTS
(continued)

**Page**

IV.    CONCLUSION ............................................................................................................. 28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Arthur Treacher's Franchise Litigation*,
93 F.R.D. 590 (E.D. Pa. 1982)...............................................................2324

*Baer v. Chase*,
392 F.3d 609 (3d Cir. 2004)...................................................................7-8

*Barabin v. Aramark Corp.*,
2003 WL 355417 (3d Cir. Jan. 24, 2003) ..................................................22

*Brennan v. Rite Aid*,
2009 WL 497739 (E.D. Pa. Feb. 26, 2009) ...........................................1, 3, 7,8, 10, 21

*Carpenter v. BMW of North America*,
1999 WL 415390 (E.D. Pa. June 21, 1999).........................................17, 26

*Chiles v. Ameriquest Mortg. Co.*,
551 F. Supp. 2d 393 (E.D. Pa. 2008) .......................................................12

*Christiana Mortg. Corp. v. Delaware Mortg. Bankers Association*,
136 F.R.D. 372 (D.Del. 1991) ...........................................................23, 34

*Christopher v. First Mutual Corp.*,
2006 WL 166566 (E.D. Pa. Jan. 20, 2006).........................................13, 14

*Contawe v. Crescent Heights of America, Inc.*,
2004 WL 2966931 (E.D. Pa. Dec. 21, 2004).............................................24

*Cuming v. South Carolina Lottery Commission*,
2008 WL 906705 (D.S.C. March 31, 2008) ...........................................16, 18, 19, 22

*Doug Grant, Inc. v. Great Bay Casino Corp.*,
232 F.3d 173 (3d Cir. 2000)..................................................................6, 7

*In re Ford Motor Co. Ignition Switch Prod. Liability Litigation*,
194 F.R.D. 484 (D.N.J. 2000)...................................................................27

*Forman v. Data Transfer, Inc.*,
164 F.R.D. 400 (E.D. Pa. 1995)................................................................17

*Freedman v. Arista Records, Inc.*,
137 F.R.D. 225 (E.D. Pa. 1991)................................................................23

# TABLE OF AUTHORITIES
(continued)

**Page**

*Henry Heide, Inc. v. WRH Products Co., Inc.*,
766 F.2d 105 (3d Cir. 1985)......................................................................11

*Kaczmarek v. IBM*,
186 F.R.D. 307 (S.D.N.Y. 1999) ...............................................21, 22, 23, 26

*Letouzel v. Eastman Kodak Co.*,
2006 WL 1455478 (W.D.N.Y. May 25, 2006)..........................................20

*Lumpkin v. E.I. Du Pont De Nemours & Co.*,
161 F.R.D. 480 (M.D. Ga. 1995) ...............................................................16

*In re Merrill Lynch*,
191 F.R.D. 391 (D.N.J. 1999) ....................................................................16

*Oshana v. Coca-Cola Co.*,
472 F.3d 506 (7th Cir. 2006) .....................................................................17

*Panetta v. SAP America, Inc.*,
2006 WL 924996 (D.C. Pa. 2006) ...............................................15, 20, 28

*In re Penn Central Transport Co.*,
831 F.2d 1221 (3d Cir. 1987).......................................................................7

*In re Phenylpropanolamine (PPA) Products Liability Litigation*,
214 F.R.D. 614 (W.D. Wash. 2003) .............................................17, 27, 28

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008)..........................................................................6

*Picus v. Wal-Mart Stores, Inc.*,
___F.R.D.___, 2009 WL 667419 (D. Nev. March 16, 2009).................... 15-16, 25, 26

*Ritti v. U-Haul*,
2006 WL 1117878 (E.D. Pa. April 26, 2006)..........................................26

*Robbins v. Metropolitan Life Insurance Co. of Conn.*,
2008 WL 5412087 (E.D. Pa. Dec. 29, 2008)............................................13

*Ross-Randolph v. Allstate Insurance Co.*,
No. 99-334, 2001 WL 36042162 (D. Md. May 11, 2001)....................16, 18

*In re School Asbestos Litigation*,
56 F.3d 515 (3d Cir. 1995)..........................................................................16

# TABLE OF AUTHORITIES
(continued)

**Page**

*Strain v. Nutri/System*,
   1990 WL 209325 (E.D. Pa. Dec. 12, 1990)...................................................26

*Thompson v. Jiffy Lube International, Inc.*,
   250 F.R.D. 607 (D. Kan. 2008)........................................................16, 19, 20, 21, 23

*Udujih v. City of Philadelphia*,
   513 F. Supp. 2d 350 (E.D. Pa. 2007) ...........................................................6

*Worldcom, Inc. v. Graphnet, Inc.*,
   343 F.3d 651 (3d Cir. 2003)...........................................................6

*Wright v. Associated Insurance Co. Inc.*,
   29 F.3d 1244 (7th Cir. 1994) ...........................................................6

## STATE CASES

*Colaizzi v. Beck*,
   895 A.2d 36 (2006)...........................................................12, 14, 15

*Construction Co. v. Griffith*,
   834 A.2d 572 (Pa. Super. Ct. 2003)...........................................................8

*Crawford's Automobile Ctr., Inc. v. Com., Pa. State Police*,
   655 A.2d 1064 (Pa. Cmwlth. Ct. 1995) ...........................................................7

*Debbs v. Chrysler*,
   810 A.3d 137, 158 (2002)...........................................................13

*Koken v. Steinberg*,
   825 A.2d 723 (Pa. Commw. Ct. 2003) ...........................................................9

*Norwest Mortgage, Inc. v. Superior Court*,
   72 Cal. App. 4th 214 (1999) ...........................................................15

*Rissi v. Cappella*,
   918 A.2d 131 (Pa. Super. Ct. 2007)...........................................................7

*Weinberg v. Sun Co., Inc.*,
   565 Pa. 612 (2001)...........................................................13, 19, 21, 26

## FEDERAL RULES

## TABLE OF AUTHORITIES
(continued)

**Page**

Fed. R. Civ. P. 12(b)(6)..........................................................................................6

Fed. R. Civ. P. 23 .......................................................................18, 20, 21, 22, 25, 28

## STATE STATUTES

Cal. Bus. & Prof. Code 17500 ...............................................................................15

Ga. Code Ann. 10-1-392(3) ...................................................................................15

M.C.L.A. 445.903 ..................................................................................................15

McKinney's General Business Law 349; 350-a(1)..................................................15

N.J.S. 56:8-2 ..........................................................................................................15

Ohio Revised Code 4165.02(A)(11) .......................................................................15

13 Pa. C.S.A. § 2313 ..............................................................................................10

13 Pa. C.S.A. 2316(c)(2)..............................................................................10, 11, 12, 19

13 Pa.C.S.A. §§ 2317(3) .................................................................................10, 11

Va. St. 59.1-200 .....................................................................................................15

## I.    __INTRODUCTION__

Plaintiff Terri A. Brennan's ("Brennan") Original Complaint, Amended Complaint, and now Second Amended Complaint ("SAC") all allege the same core facts. Brennan purchased a box of Rite Aid Nasal Decongestant PE ("Decongestant") on June 16, 2008, which had already expired. She then contacted an attorney and filed this class action lawsuit, which seeks, in part, to require Rite Aid Corp. ("Rite Aid") to offer class members a right to return expired product. Brennan, however, already possesses this contractual right. Rite Aid's return policy, which is contained as a term on the very Decongestant box that Brennan purchased, allows a customer to return any item purchased at Rite Aid for any reason and to obtain a refund: "If you're not satisfied, we'll happily refund your money." Brennan does not allege that she sought a refund from Rite Aid, however, or that Rite Aid refused to provide such a refund. Indeed, had she sought a refund, Rite Aid would have refunded her purchase price, regardless of whether the Decongestant was expired. Accordingly, even after her third bite at the apple, there continues to be no case or controversy here.

On February 26, 2009, this Court dismissed Brennan's Amended Class Action Complaint, which alleged breach of implied contract and breach of implied warranty of merchantability. *See Brennan v. Rite Aid*, No. 08-cv-02970-JF, 2009 WL 497739, at *1 (E.D. Pa. Feb. 26, 2009). This Court held that "[a]s the defendant correctly argues, the averments of plaintiff's pleading do not support a recovery under either of the pleaded theories." *Id*. In reaching this conclusion, the Court found that "[i]t is undisputed that the package of nasal decongestant purchased by plaintiff set forth the expiration date of the product. Thus, the express contract between the parties was for the sale of a product which had already expired.

Plaintiff does not allege that the defendant did anything to prevent her from examining the package." *Id*.

Although this Court held that the Amended Complaint did not suffice to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), it nonetheless afforded Brennan an opportunity to amend her complaint, but only "if the facts warrant." *Id*. As the allegations in the Second Amended Complaint make crystal clear, however, Brennan failed to heed the Court's instruction. Instead, Brennan primarily rehashes her old factual allegations and simply reasserts her previous claims for breaches of implied warranty and implied contract that this Court already dismissed. This Court should summarily dismiss the Second Amended Complaint's claims for breach of implied contract and breach of implied warranty for the exact same reasons the Court set forth in its February 26, 2009 order.

In addition to her previously pleaded claims, the Second Amended Complaint also raises new claims for breach of express contract and for violations of eight states' consumer protection laws. Because Brennan's desperate attempt to find a "valid cause of action" falls far short of this Court's February 26, 2009 directive, this Court should dismiss her new claims as well.

The sole factual allegation that Brennan added to the Second Amended Complaint is not relevant to any issue in this case. Specifically, Brennan refers to Rite Aid's Code of Ethics and Business Conduct ("the Code"). As an initial matter, she claims that this internal policy was somehow a contract between Rite Aid and herself. It was not. The Code is simply an internal company policy directed to Rite Aid Associates. Nor do the terms on a box of Rite Aid Nasal Decongestant incorporate Rite Aid's Code of Ethics. Brennan cannot base her breach of contract claim on this document, a document she does not allege she ever saw before filing her complaint, much less relied on in making her purchase from Rite Aid.

Moreover, Brennan only alleges that she purchased one expired item: a box of Rite Aid Nasal Decongestant PE. She has thus failed to state any claim for which relief can be granted to her based on Rite Aid's sale of other items, which she did not purchase, including milk, eggs, and baby formula. In addition, Brennan, a Pennsylvania resident, only claims that she purchased an expired product at a Rite Aid store in Pennsylvania. Therefore, her claims for consumer protection violations under Ohio, California, Michigan, Georgia, Virginia, New Jersey, and New York law must be dismissed. Brennan has no standing to bring these claims.

Finally, in its February 26, 2009 order, this Court advised that "counsel may wish to address the propriety of class certification at an early stage." *Brennan*, 2009 WL 497739, at *2. In response to this advice, Rite Aid moves to strike the class allegations in the Second Amended Complaint for failure to adequately allege an identifiable class and for failure to satisfy the requirements of Federal Rule of Civil Procedure 23. This court need not wait until class certification is sought to determine whether the Second Amended Complaint complies with Rule 23. When a party moves to deny class certification before discovery, as is the case here, the Court simply construes it under the legal standards for a Rule 12(b)(6) motion to dismiss.

Here, Brennan's proposed class definition of "all persons in the United States who unknowingly purchased expired/adulterated products" would impermissibly require mini-hearings into the merits of each case simply to ascertain whether a member is in the class. Moreover, because Brennan has not limited her class to consumers who purchased expired/adulterated products primarily for personal, family, or household purposes, the putative class would encompass members who do not have a cognizable claim under Pennsylvania consumer protection law.

In addition, Brennan has failed to allege facts sufficient to show that the putative class meets the requisites of Rule 23(a) and (b). Brennan fails to satisfy Rule 23(a) because the Second Amended Complaint fails to demonstrate commonality, typicality, and adequacy of representation. Each class member will have to prove (1) place of purchase, (2) date of purchase, (3) expiration date, (4) purpose of purchase, (5) familiarity with Rite Aid's Code of Ethics, (6) interpretation of Code, (7) reliance on Code, (8) lack of knowledge of expiration date from reading label, (9) lack of knowledge of expiration from other source, and (10) the packaging and receipt. These factual inquiries will require this Court to conduct mini-trials.

First, Brennan fails to satisfy commonality because no question of law or fact common to the class exists. Each putative class member who purchased a product at Rite Aid, for example, will have to individually demonstrate each specific Rite Aid representation on which they relied to make a purchase. Brennan's claims also require this Court to interpret the law of potentially all fifty states. Indeed, while alleging that common issues of law predominate, Brennan goes on to claim that eight statutes in eight separate states have been violated. This contradicts the allegation that common issues of law predominate.

Second, Brennan is not a typical plaintiff. Brennan only purchased Rite Aid Nasal Decongestant. However, she purports to represent a class which includes purchasers of all Rite Aid products, including milk, eggs, etc. Brennan has no claim that she purchased any of these products. If her claim is typical at all (and it is not), then it is only typical of claims by purchasers of Rite Aid Nasal Decongestant PE. Moreover, Brennan cannot show that all such products can be considered unsuitable for post-expiration sales. Brennan is also subject to the unique defense that she knowingly sought out and purchased the expired Decongestant in this

case for the purpose of filing this lawsuit, precluding recovery.  For the same reasons, Brennan is

not an adequate class representative.

Brennan also fails to satisfy Rule 23(b)(2) because the primary relief sought in this action

is monetary, not injunctive.  Brennan alleges that this suit seeks primarily injunctive relief.

However, when the realities of litigation demonstrate that the suit has been brought primarily for

money damages, it may not be maintained as a (b)(2) class.  Here, Brennan "seeks money

damages" exceeding $5 million.  SAC ¶ 3-4.  As such, the relief sought is predominately money

damages and thus (b)(2) is inapplicable.

Finally, Brennan fails to satisfy Rule 23(b)(3) because common issues of fact and law do

not predominate and class treatment would not be a superior method of resolving this dispute.

Common issues of fact do not predominate because the factual intricacies of each class

members' individual situation will swamp all other issues in this matter.  Moreover, variances in

the applicable states' law of contracts, warranty, and consumer protection will swamp any

common issue of law.  Finally, Brennan fails to demonstrate that a class action is superior

because an alternative remedy is already available.  Rite Aid's refund policy, which is contained

on Brennan's box of Decongestant, allows class members to return the product if they are not

satisfied.  Brennan has yet to seek such a refund.

## II.      **FACTUAL BACKGROUND**

On June 12 and June 13, 2008, respectively, *ABCNews.com* and the *New York Daily*

*News* reported that both the New York Attorney General and *New York Daily News* had

undertaken investigations of retail drug stores, including Rite Aid, that were allegedly selling

expired products.  SAC ¶¶ 16-17.  On June 16, 2008, Brennan visited a Rite Aid pharmacy in

Trevose, Pennsylvania, selected a Decongestant that had passed its expiration date, and

purchased it. *Id*. ¶ 6.  On June 25, 2008, just nine days after her purchase, Brennan filed this class action lawsuit on behalf of herself and all others similarly situated.

Moreover, the Rite Aid Nasal Decongestant that Brennan purchased contained an express "Satisfaction Guarantee" on the box, notifying her that "[i]f you're not satisfied, we'll happily return your money."[1]  The Second Amended Complaint, however, contains no factual allegation that Brennan attempted to return the expired product for a refund at any time during the nine days between her purchase and the filing of this lawsuit.

## III.  ARGUMENT

### A.  THIS COURT SHOULD DISMISS THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

A complaint must be dismissed where, as here, the plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Udujih v. City of Philadelphia*, 513 F. Supp. 2d 350, 357 (E.D. Pa. 2007) (dismissing plaintiff's breach of contract claim because the complaint failed to plead the contract's essential terms).  In evaluating a motion to dismiss, the Court must accept as true all well pleaded factual allegations in the complaint, *Worldcom, Inc. v. Graphnet, Inc*., 343 F.3d 651, 653 (3d Cir. 2003), but must reject unsupported conclusions and unwarranted inferences.  *Doug Grant, Inc. v. Great Bay Casino Corp*., 232 F.3d 173, 184 (3d Cir. 2000).

It is insufficient for a plaintiff merely to allege elements of a cause of action; instead, the Second Amended Complaint must allege facts suggestive of the proscribed conduct.  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  A court must grant a motion to dismiss if, upon its review of the allegations in the complaint, it finds that the plaintiff is not entitled to

---

[1]     Although Brennan omits this express contractual term in her Second Amended Complaint, on a motion to dismiss, the Court can properly consider all of the terms of the contract.  *See, e.g., Wright v. Associated Ins. Co. Inc*., 29 F.3d 1244, 1248 (7th Cir. 1994).

relief.  *Doug Grant, Inc.*, 232 F.3d at 183.  Here, this Court must dismiss the Second Amended

Complaint because, accepting Brennan's factual allegations as true, Brennan failed to adequately

state a claim for breach of an express or implied contract, breach of an implied warranty of

merchantability, a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection

Law, or a violation of any of the other seven states' consumer protection statutes alleged in the

Second Amended Complaint.

**1.      Brennan's Implied Contract Claim Must Be Dismissed.**

This Court should dismiss Brennan's breach of implied contract claim for the exact same

reasons that it dismissed this identical claim in the Amended Complaint.  Namely, this Court has

already held that Brennan has failed to plead the existence of an implied contract between the

parties, let alone any breach of an implied contract.  *Brennan*, 2009 WL 497739, at *1

(dismissing Brennan's identical breach of implied warranty claim alleged in the Amended

Complaint).  A claim for breach of implied contract under Pennsylvania law cannot survive

when the facts demonstrate the existence of an inconsistent express contract that displaces the

implied contract.  The Third Circuit has held that an implied contract "may not be found if there

is an express contract on the same subject."  *In re Penn Cent. Transp. Co*., 831 F.2d 1221, 1229-

30 (3d Cir. 1987) (disallowing railroad's attempt to prove the existence of both express and

implied contracts dealing with the same subject).  An express contract results when the parties

specifically express the terms of the agreement, either orally or in writing.  *Crawford's Auto.*

*Ctr., Inc. v. Com., Pa. State Police*, 655 A.2d 1064, 1066 (Pa. Cmwlth. Ct. 1995).  An implied

contract, in contrast, arises only when the parties do not express their intentions in words.  *Rissi*

*v. Cappella*, 918 A.2d 131, 140 (Pa. Super. Ct. 2007).  Therefore, contracts are "express" when

the parties state their terms and "implied" when the parties do not state their terms.  *Baer v.*

*Chase*, 392 F.3d 609, 616-17 (3d Cir. 2004) (holding existence of express contract forecloses

attempt to establish an implied-in-fact contract dealing with the same subject).

Here, the factual allegations in the Second Amended Complaint, which are also set forth in Plaintiff's Affidavit, make clear the existence of express contractual terms between the parties. Namely, Brennan admits that the Rite Aid Decongestant that she purchased had an express expiration date of August 2007.  *See* SAC ¶ 6; Brennan Aff. ¶¶ 4, 6.  In fact, Brennan even notes that she was able to "check" the expiration date on the label.  Brennan Aff. ¶ 6.  These factual allegations are identical to the factual allegations in Brennan's First Amended Complaint. *Compare* Am. Compl., ¶ 5 *with* SAC ¶ 6.  Because the terms of the contract were stated expressly and because an implied contractual term cannot be found if an express contractual term exists on the same subject, once again, Brennan's breach of implied contract claim must be dismissed as a matter of law.  *See Brennan*, 2009 WL 497739, at *1; *Penn Cent.*, 831 F.2d at 1229-30.

## 2.    Brennan's Breach of Contract Claim Must Be Dismissed.

As noted above, this Court has already held that Brennan's factual allegations demonstrate the existence of an "express contract between the parties [] for the sale of a product which had already expired."  *Brennan*, 2009 WL 497739, at *1.  Therefore, Rite Aid cannot be in breach of the express terms of the contract.  *See Constr. Co. v. Griffith*, 834 A.2d 572, 580 (Pa. Super. Ct. 2003) (a breach of contract requires "a breach of a duty imposed by the contract").  Moreover, Brennan's new claim that the Rite Aid Code of Ethics and Business Policy "constitutes a material term of the contracts entered into between Rite Aid and plaintiff" cannot survive as a matter of law.  SAC ¶ 60.  Under Pennsylvania law, a valid contract requires an offer, acceptance, and consideration.  *Koken v. Steinberg*, 825 A.2d 723, 729 (Pa. Commw. Ct. 2003).  Here, the Code of Ethics and Business Conduct is directed to Rite Aid Associates, not

customers.  *See* Ex. A at II ("Dear Associate").  The Code is not a contract at all but an internal

company policy intended "to reinforce and enhance Rite Aid's commitment to an ethical way of

doing business."  *Id*.  The terms of the Code include "[a]ssociate privacy," "[e]qual employment

opportunity and nondiscrimination," "[w]eapons and workplace violence," "[c]onflicts of

interest," "[d]ocument retention," and "[i]nsider trading."  *Id*. at 2-16.  Brennan's counsel's

ability to access the Code on Rite Aid's website does not make it a binding contract between

Brennan and Rite Aid.  In addition, Brennan does not and cannot allege that the terms on a box

of Rite Aid Nasal Decongestant incorporate Rite Aid's Code of Ethics and Business Conduct

into each purchase.  Thus, Brennan has failed to adequately allege that the Code is a contract

between herself and Rite Aid.

To the extent that Brennan alleges that "[a]ny purported written contract for the

deliberate sale of expired/adulterated products would [] be void as violative of the Food, Drug,

and Cosmetic Act," such an allegation merely demonstrates that the parties may have entered

into a void contract.  As Brennan concedes, however, "the Food, Drug, and Cosmetic Act itself

does not provide Plaintiff with a private right of action."  SAC ¶ 30.  And simply alleging that

the parties' contract is void as illegal does not support a theory that Rite Aid breached the

allegedly void contract.

Assuming *arguendo* that the Code is somehow a contract, Brennan has nonetheless failed

to allege any breach.  The Code directs Associates not to "make misleading statements of fact or

give misleading impressions in any advertisement, literature, or other public statements."  SAC ¶

36.  Here, the only advertisement, literature, or other public statement made by Rite Aid was the

express representation that the Decongestant expired in August 2007.  Brennan does not allege

that any Rite Aid Associate produced any *advertisement*, *literature*, or other public *statement*

that the specific box of Rite Aid Nasal Decongestant PE that she purchased did not expire in August 2007.  Accordingly, Brennan has failed to allege a breach of contract.

### 3. Brennan's Breach of Implied Warranty of Merchantability Claim Must Be Dismissed.

This Court should also dismiss Brennan's breach of implied warranty claim for the exact same reasons that it dismissed this claim in the Amended Complaint.  *See Brennan*, 2009 WL 497739, at *1 (dismissing breach of implied warranty claim).  A claim for breach of an implied warranty of merchantability under the Pennsylvania Commercial Code cannot survive when the facts demonstrate either (1) waiver of the warranty or (2) the existence of an inconsistent express representation that displaces the implied warranty.  *See* 13 Pa.C.S.A. §§ 2317(3) and 2316(c)(2).  The facts set forth in Brennan's Second Amended Complaint require dismissal on both grounds.

Under Pennsylvania law, warranties, whether express or implied, must be construed as consistent with each other.  13 Pa.C.S.A. § 2317.  If such a construction is unreasonable, however, an express representation displaces an inconsistent implied warranty of merchantability.  *Id.*  An express warranty arises out of the representations of the seller.  13 Pa.C.S.A. § 2313.  Section 2313 of the Pennsylvania Commercial Code declares that "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  *Id.*  In this case, the representation on the Decongestant's packaging that the product expires in August 2007 displaces any alleged inconsistent implied warranty.  13 Pa.C.S.A. § 2317(3).

Additionally, when a buyer examines or fails to examine the goods to be purchased before purchase, all implied warranties are waived regarding any defects that such an examination ought to have revealed.  13 Pa. C.S.A. § 2316(c)(2).  Section 2316(c)(2) of the Pennsylvania Commercial Code provides in pertinent part:

10

> When the buyer before entering into the contract has examined the
> goods or the sample or model as fully as he desired or has refused
> to examine the goods there is no implied warranty with regard to
> defects which an examination ought in the circumstances to have
> revealed to him.

*Id*.  In *Henry Heide, Inc. v. WRH Products Co., Inc*., 766 F.2d 105 (3d Cir. 1985), the Third

Circuit, interpreting New Jersey's waiver provision, explained the rationale for voiding an

implied warranty due to a buyer's examination of a product before purchase:

> [W]e believe that if a buyer undertakes a reasonable examination
> of the goods, he is precluded from asserting a claim for breach of
> implied warranty against anyone who was responsible for a defect
> that the buyer ought, in the circumstances, to have noticed.  The
> concept of this section is that when a buyer examines a product
> fully, **the buyer is on notice that he bears the risk of loss as to
> defects** that ought to have been revealed.

*Id. at* 110-11 (citing J. White & R. Summers, *Uniform Commercial Code* § 12-6 p. 450 (2d ed.

1980)) (emphasis added).

Here, Brennan alleges vaguely that she relied on Rite Aid's "representations" in

purchasing the Decongestant.  *See* SAC ¶¶ 79, 88, 97, 106, 115, 124, 133, 142 ("Plaintiff and the

Class actually and reasonably relied on Defendant's representations.").[2]  However, she does not

indicate which specific representations she relied upon.  *See id*.  The core representation in the

Second Amended Complaint is Rite Aid's representation that the Decongestant expired in

August 2007.  The only way that Brennan could have *relied* on this *representation* in making her

purchase is if she had examined the label on the Decongestant and was aware of the expiration

date.  Because Brennan claims to have relied on Rite Aid's representations in purchasing expired

---

[2] In her Original Complaint, Brennan alleged that "Plaintiff and Class members relied upon Defendant's express
and/or implied representations in purchasing the products."  Original Compl. ¶ 30.  Rite Aid moved to dismiss, in
part, because such an allegation warranted dismissal of Brennan's breach of implied warranty claim.  *See* Rite Aid's
Br. in Supp. of Mot. to Dismiss at 8 (Docket No. 8).  In response, Brennan deleted the problematic paragraph and
filed an Amended Complaint.  *Compare* Original Compl. ¶ 30 *with* Am. Compl. ¶¶ 26-34.  However, in her Second
Amended Complaint, Brennan has re-alleged her vague reliance on Rite Aid's "representations."  *See* SAC ¶¶ 79,
88, 97, 106, 115, 124, 133, 142.  As such, Rite Aid is entitled to dismissal of Brennan's warranty claim.

Decongestant, she has waived any implied warranty regarding such a "defect."[3] Accordingly, Brennan's breach of implied warranty claim must be dismissed as a matter of law. 13 Pa.C.S.A. § 2316(c)(2); *see Brennan*, 2009 WL 497739, at *1.

### 4. Brennan's Pennsylvania Unfair Trade Practices and Consumer Protection Law Claim Must Be Dismissed.

Brennan claims that Rite Aid's statements and conduct constitute unfair trade practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law's ("UTPCPL") catchall provision. To establish a violation of the UTPCPL's catchall provision, however, Brennan must allege either the elements of common-law fraud, *Colaizzi v. Beck*, 895 A.2d 36, 39 (2006), or "deceptive" conduct. *Chiles v. Ameriquest Mortg. Co.*, 551 F. Supp. 2d 393, 398 (E.D. Pa. 2008). Here, Brennan fails to so.

### a. Brennan Fails To Sufficiently Allege Justifiable Reliance.

Whether based on fraud or deception, "[e]very plaintiff asserting a claim under the UTPCPL must plead and demonstrate justifiable reliance on the alleged misrepresentation or wrongful conduct of the seller." *Robbins v. Metro. Life Ins. Co. of Conn.*, No. 08-0191, 2008 WL 5412087, at *5 (E.D. Pa. Dec. 29, 2008); *see also Debbs v. Chrysler*, 810 A.3d 137, 158 (2002) ("In order to prove . . . a violation of the UTPCPL, the plaintiffs must show that they suffered harm as a result of detrimental reliance on [defendant's] fraudulent conduct."). Brennan has failed to identify any alleged misrepresentation or wrongful conduct of Rite Aid's upon which she justifiably relied as required for a private right of action under the UTPCPL. *See*

---

[3] Assuming *arguendo* that Brennan did not rely on the expiration date in purchasing the Nasal Decongestant, Brennan nonetheless waived any implied warranty regarding the expiration date because she declined to examine the expiration date before her purchase. *See* 13 Pa.C.S.A. 2316(2). As this Court previously noted, "Plaintiff does not allege that the defendant did anything to prevent her from examining the package." *Brennan*, 2009 WL 497739, at *1 (dismissing implied warranty claim).

*Weinberg v. Sun Co., Inc*., 565 Pa. 612, 618 (2001) (holding UTPCPL requires a plaintiff to allege reliance).

Here, Brennan's UTPCPL claim is based on the allegation that Rite Aid's Code of Ethics gives a misleading impression. Brennan does not allege, however, that she read the Code of Ethics before purchase. Nor does she allege that she decided to purchase Nasal Decongestant without looking at the expiration date because she assumed, based on her reliance on statements in the Code of Ethics, that the Nasal Decongestant would not be expired. In fact, Brennan does not even allege that the policy was in effect at the time of her purchase. As such, Brennan has failed to adequately allege justifiable reliance. *See Weinberg,* 565 Pa. at 618.

> **b.    Brennan Fails To Allege Sufficient Facts to Show that Rite Aid Intentionally Misled Her or Recklessly Disregarded the Truth.**

To recover under the UTPCPL, Brennan must sufficiently allege that Rite Aid intended to sell her expired decongestant or that Rite Aid recklessly disregarded the truth. *See, e.g., Christopher v. First Mutual Corp*., No. 05-01149, 2006 WL 166566 (E.D. Pa. Jan. 20, 2006). Here, Brennan's allegation is factually deficient. Brennan cannot rely on her single, conclusory allegation that substitutions of adulterated product "were done deliberately or with a reckless disregard for the truth" to satisfy the UTPCPL's intent element. SAC ¶ 65; *see Robbins*, 2008 WL 5412087, at *6 (granting motion for judgment on pleadings, in part, because "[w]hile Plaintiffs may be entitled to all 'reasonable inferences,' the court cannot reasonably conclude Defendant intended to withhold benefits from [a] single, conclusory allegation"). Thus, Brennan has failed to adequately allege deceptive intent or recklessness. *See Christopher,* 2006 WL 166566, at *3.

**c.     Brennan Fails To Allege Rite Aid Misrepresented A Material Fact.**

A misrepresentation is material if it is of such character that if it had not been made, the transaction would not have been consummated. *Colaizzi*, 895 A.2d at 39. Here, Brennan does not allege Rite Aid misrepresented the expiration date. Rite Aid's express representation on the box indicated that the product expired in August 2007. Brennan does not allege that Rite Aid made any other representation regarding the product's expiration date. Instead, Brennan simply alleges that although the expiration date was represented on the box sitting on the shelf, she failed to read it until she got home. Nor does Brennan allege that Rite Aid did anything to prevent her from reading the label. Brennan's failure to read the express representation before purchase is in no way a misrepresentation by Rite Aid. Accordingly, Brennan's UTPCPL claim should be dismissed. *Id.* (affirming trial court's dismissal of UTPCPL complaint with prejudice; plaintiff failed to allege material misrepresentation).

**d.     Brennan Cannot Establish Damages.**

Finally, Brennan alleges that she primarily seeks to "require Defendant to offer Class members a right to return the expired products." SAC ¶ 3. However, Brennan (as well as any other purchaser of product from Rite Aid) already possesses this right. The Decongestant that Brennan allegedly purchased contains an express "returns" provision, allowing her to return the product for a full refund. To date, Brennan has not exercised this right. Because Brennan already has a contractual right to return the product and to receive a refund, which she has not exercised, Brennan cannot establish damages. *See Colaizzi*, 895 A.2d at 39 (damages required element of UTPCPL claim).

14

5.    **Brennan's Claims under the Remaining Consumer Protection Statutes Must Be Dismissed.**

Nowhere in the Second Amended Complaint does Brennan, a resident of Pennsylvania, allege that she purchased a single product of any kind, let alone an expired product, outside the state of Pennsylvania. Thus, Brennan has failed to allege a violation of Ohio's, California's, Michigan's, Georgia's, Virginia's, New Jersey's, or New York's consumer protection laws. *See* Ohio Revised Code 4165.02(A)(11); Cal. Bus. & Prof. Code 17500; M.C.L.A. 445.903(3)(1)(g); Ga. Code 10-1-372(a)(2), (7), and (9); Va. St. 59.1-200(A)(6), (8), and (14); N.J.S. 56:8-2; McKinney's General Business Law 349; 350-a(1); *see also Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214 (1999) (holding California unfair competition law does not apply to conduct outside state affecting plaintiffs outside the state). Accordingly, Brennan's claims for consumer protection violations under Ohio, California, Michigan, Georgia, Virginia, New Jersey, and New York law must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

B.    **THIS COURT SHOULD STRIKE THE CLASS ALLEGATIONS**

The district court may only certify a class if the alleged class is identifiable. *In re School Asbestos Litig.*, 56 F.3d 515, 519 (3d Cir. 1995). In addition, the putative class must satisfy all four requirements of Federal Rule of Civil Procedure 23(a) and one of the conditions of Rule 23(b). Fed. R. Civ. P. 23. Here, Brennan fails to adequately allege each of these requisites.

In determining whether a party complies with Rule 23, a court does not have to wait until class certification is sought. *Panetta v. SAP America, Inc.*, No. 05-4511, 2006 WL 924996 (E.D. Pa. 2006) (granting defendant's motion to strike class allegations); *Picus v. Wal-Mart Stores, Inc.*, ___F.R.D.___, 2009 WL 667419, at *3 (D. Nev. March 16, 2009) (granting defendant's motion to deny class certification); *Ross-Randolph v. Allstate Ins. Co.*, No. 99-3344, 2001 WL 36042162, at *4 (D. Md. May 11, 2001) (granting defendant's motion to strike class allegations);

*Lumpkin v. E.I. Du Pont De Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995) (granting defendant's motion to strike class allegations before discovery; clear from pleadings that Rule 23 requirements not met).

When a party moves to deny class certification before any discovery, the Court construes it under the legal standards for a Rule 12(b)(6) motion to dismiss. *Picus*, 2009 WL 667419, at *3. In considering whether to certify a class, the Court need not blindly rely on conclusory allegations that only parrot Rule 23. *Thompson v. Jiffy Lube Int'l, Inc.*, 250 F.R.D. 607 (D. Kan. 2008). Because Brennan does not allege facts sufficient to make out a viable class, this Court should strike the class action allegations.

### 1.    Brennan's Class Definition Is Not Sufficiently Identifiable and Requires An Extensive Factual Inquiry.

As a preliminary matter, the court should consider the definition of the class when determining the appropriateness of class certification. *Cuming v. South Carolina Lottery Commission*, No. 3:05-cv-03608, 2008 WL 906705, at *1 (D.S.C. March 31, 2008). The class definition must enable the Court to clearly identify the putative class members. *School Asbestos*, 56 F.3d at 519.[4] The proposed class definition must not depend on subjective criteria or the merits of the case or require an extensive factual inquiry to determine who is a class member. *Cuming*, 2008 WL 906705, at *1; *see also In re Phenylpropanolamine (PPA) Products Liability Litigation*, 214 F.R.D. 614, 619 (W.D. Wash. 2003) (denying class certification because "process of simply identifying who rightfully belongs within the proposed class would entail a host of mini-trials").

---

[4]      *See also In re Merrill Lynch*, 191 F.R.D. 391, 394 (D.N.J. 1999) (In addition to the four requirements of Rule 23(a), "a class must be adequately defined so that the individual class members may be easily identified.").

Here, Brennan defines the class as "all persons in the United States who unknowingly purchased expired/adulterated products from Rite Aid and who were damaged thereby ("the Class")." SAC ¶ 38. There is no way, short of undertaking an individualized factual inquiry for each proposed class member, to determine who purchased expired products from Rite Aid. To establish class membership, each individual would need to show that the product he or she purchased was in fact expired at the time of purchase and was purchased from Rite Aid. Moreover, each individual would need to prove that he or she was unaware of the product's expiration at the time of purchase. *See Forman v. Data Transfer, Inc*. 164 F.R.D. 400, 402-03 (E.D. Pa. 1995) (denying certification of a class defined as "all residents and businesses who have received unsolicited facsimile advertisements since January 1, 1992" because the proposed definition "would essentially require a mini-hearing on the merits of each case"); *see also Oshana v. Coca-Cola Co*., 472 F.3d 506, 515 (7th Cir. 2006) (affirming trial court's refusal to certify proposed class of Diet Coke purchasers as not sufficiently definite; "some people may have bought fountain Diet Coke *even though* it had saccharin").

Moreover, Brennan's class is overly broad because it fails to limit the class to consumers who purchased expired products primarily for personal, family, or household purposes. To recover under Pennsylvania's consumer protection laws, a plaintiff must make such a showing. *See, e.g., Carpenter v. BMW of North America*, No. 99-cv-214, 1999 WL 415390, at *3 n.6 (E.D. Pa. June 21, 1999); *Cuming,* 2008 WL 906705, at *1.

Accordingly, because Brennan's proposed class is both overly broad and requires mini-hearings on the merits of each case to determine class membership, Brennan's class allegations should be stricken.

17

### 2.    Brennan Cannot Satisfy the Requirements of Rule 23(a).

A plaintiff's failure to establish any one of the four elements of Rule 23(a) precludes class certification. Fed. R. Civ. P. 23(a). Here, Brennan's allegations demonstrate that commonality, typicality, and adequacy are lacking.

### a.    Brennan Fails to Satisfy the Commonality Requirement.

Brennan's proposed class fails to satisfy the commonality requirement because no question of fact or law common to the class exists. *See* Fed. R. Civ. P. 23(a)(2). A question is not common "if its resolution turns on a consideration of the individual circumstances of each class member." *Cuming,* 2008 WL 906705, at *4 (internal citation omitted); *see also Ross-Randolph,* 2001 WL 36042162, at *4 ("If a court must make specific, individual inquiries as to each of the class plaintiffs regarding the critical issues, then there is no commonality . . . and certification is improper."). Because the critical factual and legal inquiries in this action will invariably turn on the individual circumstances of each Rite Aid customer, Brennan fails to show commonality.

As a factual matter, the putative class members' purchases will be vastly different, ranging from purchases of numerous over-the-counter medications to various food products, such as milk and eggs. And each class member's product will have a unique expiration/adulteration date and a unique purchase date. Moreover, a Rite Aid customer who purchased a product with full knowledge of the product's expiration date is precluded from recovering under any of Brennan's causes of action. *See, e.g., Weinberg*, 565 Pa. at 617-18 (noting plaintiff who is not deceived has no cognizable claim under Pennsylvania's deceptive trade practices statute); *see also* 13 Pa. C.S.A. § 2316(c)(2). Thus, there will have to be a separate hearing at which each putative class member will have to demonstrate that he or she had

no knowledge of the product's expiration date prior to purchase. *See Cuming*, 2008 WL 906705, at *1 (denying class certification because plaintiffs failed to meet requirement of commonality; "[s]ome of the[] class members may have purchased lottery tickets with full knowledge that the top prizes were no longer available. . . . In order to resolve such questions, the court would be required to conduct an inquiry into the individual circumstances and motivations of each class member").

In addition, Brennan alleges that Rite Aid violated its publicly available Code of Ethics, creating liability under Pennsylvania's consumer protection laws. To recover under Pennsylvania's consumer protection laws, however, a plaintiff must demonstrate justifiable reliance. *See, e.g., Weinberg*, 565 Pa. at 446. As such, individual inquiries will be necessary to determine which customers read Rite Aid's Code of Ethics and then relied on it to make a purchase. *See, e.g., Jiffy Lube,* 250 F.R.D. at 607 (denying class certification for lack of common issue; whether Jiffy Lube's recommendations to customers were actionable under consumer protection statutes turned on whether customers relied on those recommendations); *Ross-Randolph,* 2001 WL 36042162, at *4 (striking class allegations because plaintiff's state law claims, which required proof of individual reliance, lacked commonality and were thus inappropriate for class action status).

Furthermore, Brennan's claims mandate denial of class certification because such claims would require this Court to interpret and apply potentially fifty states' contract and warranty laws[5] and the consumer protection laws of at least eight states specifically pleaded in Brennan's

---

[5]     At a minimum, this Court could potentially be forced to interpret and apply the warranty and contract laws of the thirty-two states with Rite Aid store locations. *See* SAC ¶ 8 n.1.

Second Amended Complaint.[6]  *See Panetta,* 2006 WL 924996 (striking class allegations because plaintiff's state law claims failed commonality prong; a different legal standard would apply to class members' contract claims outside Pennsylvania); *Letouzel v. Eastman Kodak Co*., No. 05-cv-6464T, 2006 WL 1455478 (W.D.N.Y. May 25, 2006) (striking class action allegations; contract claims brought in 51 jurisdictions "would require the interpretation and application of several different laws of several different states . . . I find that plaintiff has failed to establish that the [state law claims] of the purported class are common among the class"); *see also infra* at III.B.4.a.

Accordingly, no commonality exists among Brennan's factual and legal claims and, therefore, Brennan has failed to satisfy Rule 23(a)(2).  *See Panetta*, 2006 WL 924996, at *3-4.

### b.      Brennan Fails to Satisfy the Typicality Requirement.

Brennan is not a typical plaintiff.  Rule 23(a)(3) precludes certification unless "the claims and defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  A class representative must possess the same interest and suffer the same injury as the class members in order to be typical.  *Jiffy Lube,* 250 F.R.D. at 622.  Here, Brennan only alleges that she purchased Rite Aid Nasal Decongestant PE.  Yet, based on this singular purchase, she purports to represent a class of all persons in the United States who unknowingly purchased any type of expired/adulterated products from Rite Aid.  SAC ¶ 39.  As this Court previously noted, however, such a class would include not only over-the-counter drugs, "but all sorts of products, including milk, other food products, etc." *Brennan*, 2009 WL 497739, at *2.  Brennan's claim is typical, if at all, only of other purchasers of Rite Aid Nasal Decongestant PE.

---

[6]      Brennan provides no explanation as to why she limited the SAC complaint to these eight jurisdictions only.  Rite Aid has store locations in an additional 24 states.  Nor does she allege that she purchased an expired product in any of these randomly selected states.

Brennan does not and cannot represent purchasers of different products. *See Kaczmarek v. IBM*, 186 F.R.D. 307, 313 (S.D.N.Y. 1999) (holding plaintiffs failed to satisfy typicality requirement because, although proposed class included all persons who purchased an IBM Aptiva, ThinkPad, or PC 700 computer, "no representative plaintiff ever bought a PC 700 computer").

  Brennan's claims are also subject to certain specific factual defenses that undermine typicality.  A proposed class representative is neither typical nor adequate if the representative is subject to a unique defense that is likely to become a major focus of the litigation.  *Jiffy Lube,* 250 F.R.D. at 623-24 (finding plaintiff's claims atypical because claims "could be subject to" unique defenses).  Here, Brennan will be subject to Rite Aid's defense that she knew the Nasal Decongestant she purchased was already expired before her purchase.  Rite Aid intends to show that, given the timing of her lawsuit, Brennan went into the Rite Aid on June 16, 2008 with the intent to purchase an expired product for the purpose of bringing this suit.  Thus, Brennan is subject to the defense that she intended to purchase an expired product.  *See, e.g., Weinberg,* 565 Pa. at 617-18 (noting plaintiff who is not deceived by advertiser has no cognizable claim under Pennsylvania's consumer protection laws).

  Therefore, because each class member's claim does not arise from the same course of events, Brennan has failed to satisfy Rule 23(a)(3).

    **c.  Brennan Fails to Satisfy the Adequacy of Representation Requirement.**

  Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The representative plaintiff cannot represent adequately the proposed class, however, if she is not a typical plaintiff.  *See, e.g., Kaczmarek,* 186 F.R.D. at 313 (concluding representative plaintiffs could not represent adequately proposed class because "IBM may have individual defenses against them"); *see also Cuming*, 2008 WL

906705, at *5 (finding plaintiffs are not adequate representatives of class because "two of the named Plaintiffs may be unable to demonstrate that they have suffered the same injury as the putative class members they seek to represent"). Here, Plaintiff seeks to represent a class consisting of Rite Aid customers who purchased products different from those she purchased. Because Brennan will be unable to demonstrate that she has suffered the same injury as the putative class, however, she fails to satisfy Rule 23(a)(4).

### 3.    Brennan Cannot Satisfy the Requirements of Rule 23(b)(2).

Brennan cannot obtain class certification under Rule 23(b)(2). A (b)(2) class requires that the relief sought be primarily injunctive. Fed. R. Civ. P. 23(b)(2). Although she claims that injunctive relief is the "primary and predominating relief sought" in this case (SAC ¶ 43), this injunctive remedy is at best secondary to the monetary damages sought.

Class actions certified under Rule 23(b)(2) are *restricted* to those cases where the *primary relief* sought is injunctive or declaratory relief. *Barabin v. Aramark Corp*., No. 02-8057, 2003 WL 355417, at *1-2 (3d Cir. Jan. 24, 2003) (affirming denial of (b)(2) class certification because monetary damages sought, making request for injunctive relief "secondary at best"). Subsection (b)(2) was never intended to cover cases like the instant one where the primary claim is for monetary damages. *See Kaczmarek,* 186 F.R.D. at 307 (denying (b)(2) class because money damages, not injunctions, are adequate remedy for purchasers' contract, warranty, and consumer protection claims against computer manufacturer).

When the primary relief sought is monetary, as is the case here, the Court cannot certify the class under (b)(2). *Id*.; *see also Jiffy Lube*, 250 F.R.D. at 629. In *Freedman v. Arista Records, Inc*., 137 F.R.D. 225 (E.D. Pa. 1991), for example, buyers of Milli Vanilli's record albums brought an action alleging that the marketer fraudulently represented that the Grammy

Award-winning singing group actually sang the songs on the album and that they won the award meritoriously. *Id*. at 229. Although plaintiffs sought monetary damages, plaintiffs nonetheless offered (b)(2) as grounds for certification of the class. *Id*. Plaintiffs sought an order permanently enjoining Aristra from representing fraudulently or misrepresenting that an individual or group is singing on an album, if in fact, he or she is not. *Id*. The *Freedman* Court denied class certification under Rule 23(b)(2), however, holding that, because plaintiffs sought damages under RICO, they sought primarily to recover monetary damages and that their demand for injunctive relief was secondary. *Id*.

Here, Brennan characterizes the relief sought under her claims as "primarily" injunctive. SAC ¶ 43. When the "realities of litigation demonstrate that the suit has been brought primarily for money damages, [however], it may not be maintained as a (b)(2) class action." *Christiana Mortg. Corp. v. Delaware Mortg. Bankers Ass'n*, 136 F.R.D. 372, 381 (D.Del. 1991) (denying certification under 23(b)(2) because injunctive relief was only incidental to monetary damages). In this case, the true thrust of Brennan's causes of action is monetary damages. Specifically, the Second Amended Complaint alleges that as a result of Rite Aid's breaches "Plaintiff seeks money damages." SAC ¶ 3. In fact, Brennan alleges that the matter in controversy "exceeds $5 million." SAC ¶ 4. Because the relief sought here is predominantly money damages, (b)(2) is inapplicable. *See Kaczmarek*, 186 F.R.D. at 313; s*ee also In re Arthur Treacher's Franchise Litig.*, 93 F.R.D. 590, 594 (E.D. Pa. 1982) ("While plaintiffs attempt to characterize their complaint as one for declaratory and injunctive relief, it is clear that the final form of the relief obtained would be monetary in nature.").

Moreover, although Plaintiff seeks to enjoin Rite Aid from selling expired products in the future, Plaintiff's requests for monetary damages are not incidental to such injunctive relief.

These damages are not "incidental" because they depend upon each class member's circumstances and would require significant evidence to determine the amount of damages, if any, to which individual purchasers of expired products are entitled.  Because individual monetary issues predominate throughout Plaintiff's Second Amended Complaint, this case is improper for certification under Rule 23(b)(2).  *See Contawe v. Crescent Heights of Am., Inc.*, No. 04-cv-2304, 2004 WL 2966931, at *4 (E.D. Pa. Dec. 21, 2004) (denying (b)(2) certification in breach of implied warranty action; "Rule 23(b)(2) is not intended to apply where plaintiffs request primarily monetary damages, because any award of damages requires case-by-case examination of individual claims, a process best suited to individual adjudications rather than class action lawsuits").

Finally, Brennan cannot justify (b)(2) class status because no case or controversy exists regarding the primary injunctive relief she seeks.  Namely, Brennan claims that she "primarily" seeks "a right of return or refund." SAC ¶ 43.  However, she already possesses this right.  The Nasal Decongestant that she purchased contains a "Satisfaction Guarantee" on the box, stating that "[i]f you're not satisfied, we'll happily refund your money."  Therefore, Brennan is not entitled to certify an injunctive class.  *See* Fed. R. Civ. P. 23(b)(2).

### 4.    Brennan Cannot Satisfy the Requirements of Rule 23(b)(3).

Plaintiff claims, in the alternative, that certification of a damages class is proper under Rule 23(b)(3).  SAC ¶ 38 ("[T]o the extent a 23(b)(2) class would raise insurmountable due process concerns, Plaintiff seeks certification under Rule 23(b)(3)").  Certification under Rule 23(b)(3) requires a showing that common issues predominate over individual issues and that the class action is a superior method of adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3); *see Contawe*, 2004 WL 2966931, at *4.  Because individual issues predominate and class treatment

24

would not be superior, however, a class cannot be certified under Rule 23(b)(3).

### a. Brennan Fails to Demonstrate That Common Issues of Fact and Law Predominate.

Brennan cannot establish that common issues predominate over the factual and legal intricacies of each plaintiff's individual situation. *Contawe*, 2004 WL 2966931, at \*5 (denying (b)(3) class certification because individualized analysis will be necessary to determine defendants' liability with respect to each class member); *see also Picus*, 2009 WL 667419, at \*7 (striking (b)(3) class allegations under consumer protection laws because individual reliance issues predominate; any number of reasons exist as to why a particular class member purchased a particular product).

As a factual matter, to establish breaches of express/implied contract, breaches of warranty, and violations of consumer protection laws, *each* class member will have the burden to prove (1) that the product in question was purchased from Rite Aid; (2) the date of the purchase; 3) that the product was expired on the date of purchase; (4) the product was purchased primarily for personal, family, or household purposes; (5) the class member read Rite Aid's Code of Ethics and Business Conduct; (6) the class member interpreted the Code in the manner suggested by Brennan; (7) the class member relied upon that interpretation of the Code as a basis in purchasing the expired product; (8) the class member did not read the label on the box before purchase; (9) the class member did not otherwise know that the product was already expired; and

(10) the class member retained sufficient evidence to demonstrate that the product was already

expired at the time of purchasing, including the packaging containing the product and a receipt.[7]

These factual inquiries will require mini-trials, making individual factual issues swamp

any common issues that may exist.  *See Weinberg,*  565 Pa. at 612 (affirming state trial court's

denial of class certification; individual questions of reliance predominate over common issues of

fact when applying Pennsylvania's consumer protection statute); *see Ritti v. U-Haul*, No. 05-

4182, 2006 WL 1117878, at *8-9 (E.D. Pa. April 26, 2006) (denying (b)(3) class certification

because "Plaintiff will . . . be required to *prove* the existence and terms of *each* Class member's

contract with U-Haul") (emphasis added); *see also Strain v. Nutri/System*, No. 90-2772, 1990

WL 209325, at *6 (E.D. Pa. Dec. 12, 1990) (denying (b)(3) class certification because "the

determination of liability of the defendant *requires individualized proof*" and because case

lacked a "single set of operative facts that can be applied on a class wide basis") (emphasis

added).   Thus, common questions of fact do not predominate in this case.

Moreover, the law of contract, warranty, and deceptive trade practices differ materially

from state to state.  The prospect of determining the law of applicable states and then applying

the materially different laws would make this class action unmanageable.  *See Carpenter,* 1999

WL 415390, at *3 (refusing to certify (b)(3) class, in part, because different states' consumer

protection laws applied); *see also Kaczmarek v. IBM,* 186 F.R.D. 307 (S.D.N.Y. 1999) (refusing

to certify (b)(3) class because different states' warranty and consumer protection laws makes

class action too complicated); *see Picus,* 2009 WL 667419, at *3 (same); *see also supra* at

---

[7]     *See, e.g., Carpenter,* 1999 WL 415390, at *3 n.6 (denying (b)(3) class certification because individual
proof of reliance under consumer fraud statutes overwhelms any common issues; "[W]ith respect to the
Pennsylvania Act, BWM correctly contends that an individual inquiry will be required to determine which
Pennsylvania purchasers: 1) use the automobile 'primarily for personal, family or household purposes," 2) read any
of the complained of promotional materials; 3) interpreted those promotional materials in the manner suggested by
plaintiffs; 4) relied upon that interpretation; and 5) would have purchased a different automobile").

III.B.2.a.  As one federal court considering an attempt to certify a class involving multiple states'

warranty and deceptive trade laws noted:

> The chief difficulty in finding a predominance of common legal
> issues within the proposed deceptive trade subclass is that the
> statutory protections vary greatly from state to state.  For example,
> conduct actionable under one state's laws may not be actionable
> under another's.  *Compare* N.J.S.A. 56:8-2 (any unconscionable
> practice), *with* Cal. Civ. Code 1770 (proscribing 23 specific
> activities).  Moreover, despite plaintiffs' attempt to limit the
> deceptive trade practice subclass only to "consumers", problems
> remain.  This is because some states have different definitions of
> the word "consumer".  *Compare* Ga. Code Ann. 10-1-392(3)
> (consumer is a purchaser of goods for personal, family or
> household), *with* W.Va. Code 46A-6-102 ("'consumer transaction'
> means a sale . . . for a personal, family, household or agricultural
> purpose").

*In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, 194 F.R.D. 484, 489-90 (D.N.J. 2000)

(applying numerous states' warranty and deceptive trade laws requires denial of class

certification because legal issues would not predominate and practicalities of applying varied law

would demand significant attention from the court).  Like the warranty and consumer protection

laws compared in *Ford Motor*, the causes of action applicable in this suit "vary greatly from state

to state," including, but not limited to, the New Jersey and California statutes addressed above.

Therefore, common questions of law do not predominate in this case.

### b.    Brennan Fails to Demonstrate That a Class Action Is Superior Because An Alternative Remedy Is Already Available.

Finally, "[i]t makes little sense to certify a class where a class mechanism is unnecessary

to afford the class members redress."  *See Phenylpropanolamine,* 214 F.R.D. at 623.  Here, class

members already possess the right to return expired products.  The Rite Aid Nasal Decongestant

that Brennan purchased contains a "Satisfaction Guarantee" on the box, stating that "[i]f you're

not satisfied, we'll happily refund your money."  The cost and complexity of a nationwide class

action would not be superior to the remedy that already exists through Rite Aid's refund program. *See Phenylpropanolamine,* 214 F.R.D. at 623 (denying class certification under (b)(3) because defendants already maintained refund and product replacement programs).

Accordingly, because individual factual and legal issues predominate and a class action would not be superior, Brennan has failed to satisfy Rule 23(b)(3). *See Panetta*, 2006 WL 924996, at *4.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Rite Aid respectfully requests that this Court dismiss with prejudice Plaintiff Terri A. Brennan's Second Amended Class Action Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and to strike the class allegations under Federal Rule of Civil Procedure 23.

Dated: June 2, 2009                    Respectfully submitted,

                                       **MORGAN, LEWIS & BOCKIUS LLP**


                                       _____/s/_____
                                       **Eric W. Sitarchuk (Pa. Bar No. 39082)**
                                       **1701 Market Street**
                                       **Philadelphia, PA 19103**
                                       **215-963-5000**
                                       **215-963-5001 (facsimile)**
                                       **esitarchuk@morganlewis.com**


                                       Admitted *pro hac vice*:
                                       Thomas A. Schmutz
                                       W. Brad Nes
                                       1111 Pennsylvania Avenue, N.W.
                                       Washington D.C. 20004
                                       202.739.3000
                                       202.739.3001 Facsimile

                                       Attorneys for Defendant Rite Aid Corp.