```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TERRI A. BRENNAN, on Behalf    :    CIVIL ACTION
of Herself and All Others      :
Similarly Situated             :
                               :
        v.                     :
                               :
RITE AID CORP.                 :    NO. 08-cv-02970-JF
```

MEMORANDUM

Fullam, Sr. J.                                    October 7, 2009

      Plaintiff, Terri A. Brennan, purchased an over-the-counter drug (a nasal decongestant) at a Rite Aid drugstore in Trevose, Pennsylvania.  After she returned to her home, she discovered that the expiration date of the product had passed several months before the sale.  She has brought this putative class action on behalf of all persons in the United States who have purchased "expired" products from the defendant.  She seeks (1) injunctive relief, prohibiting defendant from selling expired products, and requiring the defendant to make refunds in each such case; and (2) damages, for each member of the proposed class who can establish damages.

      On February 26, 2009, this Court dismissed without prejudice "Plaintiff's First Amended Class Action Complaint" for failure to state a claim.  Plaintiff has filed a "Second Amended Class Action Complaint," alleging breach of the implied warranty of merchantability (Count I), breach of contract (Count II),

breach of implied contract (Count III), and breach of various state consumer protection laws (Counts IV - XI).[1]  Defendant has filed a motion to dismiss for failure to state a cause of action and a motion to strike the class allegations.

Plaintiff has invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act. She asserts that the amount in controversy exceeds $5 million, the putative plaintiff class has members with diverse citizenship from defendant, and the class contains more than 100 members. Plaintiff seeks to maintain a class action under Federal Rule of Civil Procedure 23(b)(2), arguing that the primary relief sought is injunctive relief.  In the alternative, plaintiff seeks certification under Federal Rule of Civil Procedure 23(b)(3).

In dismissing "Plaintiff's First Amended Class Action Complaint," I directed counsel to address the propriety of class certification at an early stage should plaintiff re-file her claim.  I conclude that, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), the class allegations must be stricken.

To certify a class, the plaintiff must meet the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), and also demonstrate, under Rule 23(b)(2), that she seeks primarily injunctive relief

---

[1] Plaintiff alleges claims under Pennsylvania, Ohio, California, Michigan, Georgia, Virginia, New Jersey, and New York consumer protection statutes.

and defendant has acted on grounds generally applicable to the plaintiff class.  Here, Ms. Brennan cannot satisfy the requirements of Rule 23(a), and the certification of a plaintiff class is inappropriate.

Plaintiff cannot establish commonality of law or fact or the typicality of her claims.  At a minimum, each member of the putative plaintiff class would have to offer proof that she purchased a product from Rite Aid, the product was expired, and that plaintiff was ignorant of the expiration date.  Depending upon the theory of recovery, the class members possibly would have to prove that they read and relied upon Rite Aid's Code of Ethics.  All of these issues would require mini-trials before certifying the class and reaching the merits of the case.  Each purchase of an expired product is a distinct and separate transaction.  The proof that Ms. Brennan offers to support her claim will be inadequate to support a claim for other members of plaintiff class.

Even if a plaintiff class could be certified, this Court would be required to interpret the laws of numerous states as applied to a wide variety of dissimilar products. According to Plaintiff, Rite Aid operates 5,059 stores in 31 different states. In "Plaintiff's Second Amended Class Action Complaint," Ms. Brennan alleges that Rite Aid sold a variety of expired products, including food, drugs, and infant formula.  Each plaintiff's

claim would require an individualized factual inquiry and application of law that makes a class action inappropriate.

Plaintiff cannot maintain a claim under the Class Action Fairness Act and there is no longer any basis for federal jurisdiction.  Plaintiff has not asserted any federal claims and there is no diversity jurisdiction because plaintiff and defendant are both residents of Pennsylvania.[2]

The class allegations are stricken, and the case dismissed for lack of subject matter jurisdiction.

An order will be entered.


BY THE COURT:


/s/ John P. Fullam
John P. Fullam,   Sr. J.

---

[2]Defendant Rite Aid Corporation is a Delaware corporation with its headquarters in Camp Hill, Pennsylvania.